UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI L. McCOMMONS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 10-14992

HON. AVERN COHN

**MEMORANDUM AND ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 26)
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 18)
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 24)
AND
DISMISSING CASE**

**I. Introduction**

This is a Social Security case. Plaintiff Terri McCommons (McCommons) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits (benefits). McCommons claims disability since 2006, due to a neurological problem, complications from a brain tumor, seizures, and emotional problems.

The parties filed cross motions for summary judgment. The motions were referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommends that McCommons's motion for summary judgment be

denied and that the Commissioner's motion for summary judgment be granted. Before the Court are McCommons' objections to the MJRR. For reasons that follow, the MJRR will be adopted, McCommons' motion will be denied, the Commissioner's motion will be granted, and this case will be dismissed.

## II. Background

The MJRR sets forth the facts, some of which are summarized below.

### A.

On September 26, 2006, McCommons filed an application for benefits claiming she is unable to work due to the previously mentioned impairments. Her claim was denied. McCommons then had a hearing before an administrative law judge (ALJ), where she represented by counsel. McCommons and a Vocational Expert (VE) testified at the hearing. The ALJ later issued a decision finding that McCommons was not disabled. The Appeals Council denied review. McCommons then filed a complaint for judicial review of the Commissioner's final decision.

### B.

In 2002, McCommons had surgery to remove a benign brain tumor. McCommons alleges that complications from that surgery have caused epilepsy, depression, fatigue, and drowsiness. She also alleges that depression and a head injury caused by a seizure fit at work led her to discontinue working at her custodial position as of September 14, 2006. Prior to that date she had held two custodial jobs: head custodian at a school for 14 years, and a janitor at a library for two years.

McCommons says that these conditions limited her ability to work as they caused problems with speech and manual tasks.  McCommons reported her daily activities in a function report dated October 15, 2006.  In that report, she claimed that she would spend most of the day in bed.  She would get up to prepare herself breakfast, and make dinner for her teenage son and help him with his homework when he came home from school.  McCommons also reported that her tiredness would prevent her from bathing daily or wearing clean clothes.  Her memory difficulties also would require that McCommons's mother remind McCommons to take McCommons's medication.  McCommons also noted that weekly she does chores around the house, and attends counseling twice a week. Not noted by McCommons in this report, it is also known that McCommons attends church weekly.

Several doctors have opined that McCommons has various forms of depression and cognitive decline perhaps caused by her head injury or complications from the brain tumor removal and have prescribed her medications.

### III.  Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997).  A reviewing court may not resolve conflicts in the evidence or decide questions of credibility.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### IV. Discussion

McCommons has raised several objections to the MJRR, contending that the magistrate judge erred 1) in concluding she waived any argument she may have had relative to the issue of obesity, 2) in opining that the ALJ had substantial evidence for not affording great weight to several doctors opinions including Dr. Dizon's opinion, Dr

Berkower's opinion, and Dr. Jamora's opinion, 3) in inaccurately citing the status of Andrea Thomas as a non-acceptable medical source, thereby condoning the ALJ's lack of mention and/or analysis of her opinions, 4) in opining that the applicable regulation does not require ALJ to explain consideration of the side effects of the Plaintiff's medication, Topoamax, 5) in agreeing with the ALJ, that her hypothetical questions to the VE applied to McCommons's conditions.

All of these arguments were fully considered and rejected by the magistrate judge in the carefully written MJRR.  As the magistrate judge explained, McCommons waived any claim of disability based on obesity.  McCommons never claimed disability due to obesity at the administrative level and therefore cannot do so now.  Regarding the opinions of Drs. Dizon. Berkhower, and Jamora, the magistrate judge correctly found that the ALJ had given appropriate reasons for not crediting their opinions regarding McCommons' condition.  Notably, none of the doctors' opinions were supported by objective medical evidence; rather, they simply relied on McCommons' subjective complaints and were inconsistent with her daily activities report.  As to Thomas' report, the magistrate judge correctly found that while the ALJ did not mention Thomas' report specifically, it was not an error requiring remand.  The magistrate judge also properly concluded that the ALJ did acknowledge that McCommons testified to side effects from medications, but found her testimony was not credible and lacked documentation that she suffered from side effects.  Finally, the magistrate judge fully explained how the hypothetical posed to the VE was properly framed in terms of the limitations found by the ALJ.

## V. Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. McCommons' motion for summary judgment is DENIED. The Commissioner's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: June 4, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 4, 2012, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160